**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000593
05-JUN-2023
08:04 AM
Dkt. 62 MO**

NO. CAAP-19-0000593


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE
FOR THE CERTIFICATEHOLDERS CWABS, INC. ASSET-BACKED
CERTIFICATES, SERIES 2004-12, Plaintiff-Appellee, v.
CHRISTIAN EDWARD DUNCAN; FATIMA DUNCAN, Defendants-Appellants,
COUNTRYWIDE HOME LOANS, INC.; MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC.,
Defendants-Appellees, JOHN DOES 1-20; JANE DOES 1-20;
DOE CORPORATIONS 1-20; DOE ENTITIES 1-20;
AND DOE GOVERNMENTAL UNITS 1-20, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 16-1-0532(3))


MEMORANDUM OPINION
(By: Leonard, Presiding Judge, Nakasone and McCullen, JJ.)

Defendants-Appellants Christian Edward Duncan and

Fatima Duncan (**Duncans**) appeal from the Circuit Court of the

Second Circuit's July 26, 2019 (1) "Findings of Fact,

Conclusions of Law and Order Granting [Plaintiff-Appellee Bank

of New York Mellon's (**Bank of New York**)[1]] Motion for Summary Judgment Against All Defendants and for Interlocutory Decree of Foreclosure," and (2) Judgment entered in favor of Bank of New York and against the Duncans.[2]

On appeal, the Duncans argue that the circuit court erred in granting summary judgment because (1) Bank of New York did not establish it had standing when it commenced the action, (2) Bank of New York did not establish foundation for the business records, and (3) Bank of New York's witness was not qualified to verify prior servicers' incorporation of records. The standing issue is dispositive; we vacate and remand.

## I.    BACKGROUND

On October 10, 2016, Bank of New York filed a complaint (**Complaint**), seeking to foreclose on the Duncans' real property in Lahaina, Maui (**Property**).  In the Complaint, Bank of New York averred that it "is the current holder of the Note with standing to prosecute the instant action and the right to foreclose the subject Mortgage" and Bank of New York's "foreclosure counsel is currently in rightful possession of the endorsed Note[.]"  Bank of New York did not include an original or photocopy of the Note with the Complaint.

---

[1]  Bank of New York's title is Bank of New York Mellon FKA the Bank of New York as Trustee for the Certificateholders CWABS, Inc. Asset-Backed Certificates, Series 2004-12.

[2]  The Honorable Joseph E. Cardoza presided.

Over two years later, in January 2019, Bank of New York moved for summary judgment, averring that "no genuine issue of material fact exists and that [it] is entitled to judgment as a matter of law[.]" In its memorandum supporting its motion, Bank of New York stated that "[a] true and correct copy of the Note is attached as Exhibit '1.'" Bank of New York also stated that Exhibit 2 was "[a] true and correct copy of the bailee letter reflecting possession of the original Note, indorsed in blank, by [its] attorneys as of the filing date of the Complaint." Bank of New York claimed that when the Complaint was filed on October 10, 2016, it "was entitled to enforce the Note, indorsed in blank, with standing to bring and prosecute this action."

Attached to the motion was a declaration executed on November 27, 2018, by Elizabeth Gonzales (**Gonzales**), an "authorized signer of Carrington Mortgage Services, LLC, ('Carrington'), which is [Bank of New York's] servicing agent and attorney-in-fact for the subject loan . . ." (**Gonzales Declaration**). Gonzales stated that Bank of New York "has possession of the Note with standing to prosecute the instant action and the right to foreclose the subject Mortgage. The original Note has been indorsed in blank." Gonzales further stated that Bank of New York "caused the original Note, indorsed

in blank, to be delivered to [its] attorneys, TMLF Hawaii LLLC, as agent for the" Bank of New York.

Gonzales then stated that "Carrington's records indicate that [Bank of New York], by and through counsel, had possession of the original Note, indorsed in blank, prior to 10/10/2016, the date of the filing of the Complaint for Mortgage Foreclosure in this matter." Gonzales relied on the bailee letter, claiming it "reflect[s] possession of the original Note, indorsed in blank, by [Bank of New York's] attorneys" and noted it was attached as Exhibit 2.

Exhibit 1 is a photocopy of the Note naming Full Spectrum Lending as the lender, with an indorsement from Full Spectrum Lending to Countrywide Home Loans and a blank indorsement from Countrywide Home Loans. These indorsements are not dated.

Exhibit 2 is the bailee letter from the Bank of New York's attorney to Ditech Financial LLC dated April 15, 2016, which was approximately six months prior to the filing of the Complaint. The bailee letter stated, "We request the release of the following Collateral Documents checked below for the purpose of pursuing a foreclosure or legal action . . ." and the box for "Original . . . Note/Allonge(s) and POA as applicable" was checked.

4

During the hearing on Bank of New York's motion for summary judgment, counsel briefly discussed the bailee letter, but gave no specific explanation regarding how the bailee letter showed that Bank of New York possessed the original Note. As to the Duncans' standing argument, Bank of New York did not respond except to rest on its pleadings.

The circuit court granted Bank of New York's motion for summary judgment and interlocutory decree of foreclosure, and entered findings of fact and conclusions of law. The Duncans timely appealed.

## II. STANDARD OF REVIEW

"We review a trial court's grant of summary judgment de novo." State ex. rel. Shikada v. Bristol-Myers Squibb Co., 152 Hawaiʻi 418, 439, 526 P.3d 395, 416 (2023) (citation omitted). "To prevail, the moving party must demonstrate that there's no genuine dispute about the material facts and the 'undisputed facts' show the court should grant summary judgment as a matter of law." Id. at 442, 526 P.3d at 419. "A court must consider the evidence in the light most favorable to the non-moving party at summary judgment." Id. (citation and internal quotation marks omitted).

### III. DISCUSSION

Again, the Duncans argue, *inter alia*, that Bank of New York did not establish it had standing when it commenced this action.

"A foreclosing plaintiff's burden to prove entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions as standing is concerned with whether the parties have the right to bring suit." Bank of Am., N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 367, 390 P.3d 1248, 1254 (2017) (cleaned up and citations omitted). "Accordingly, in establishing standing, a foreclosing plaintiff must necessarily prove its entitlement to enforce the note as it is the default on the note that gives rise to the action." Id. at 368, 390 P.3d at 1255 (citing Hawaii Revised Statutes § 490:9-601 (2008)) (providing for a secured party's rights after default)). Thus, "a foreclosing plaintiff must establish its standing to bring a lawsuit at the commencement of the proceeding, not merely at the summary judgment stage." Deutsche Bank Nat'l Tr. Co. v. Yata, 152 Hawaiʻi 322, 335, 526 P.3d 299, 312 (2023) (citations omitted).

In its motion for summary judgment, Bank of New York claimed that it possessed the Note at the time the Complaint was filed and submitted the following to support its claim: (1) the

6

Gonzales Declaration; (2) a photocopy of the Note; and (3) the bailee letter.

The Gonzales Declaration stated that Bank of New York, through its counsel, possessed the Note "prior to 10/10/2016, the date of the filing of the Complaint . . . ." Gonzales relied on the bailee letter stating, "A true and correct copy of the bailee letter reflecting possession of the original Note, indorsed in blank, by [Bank of New York's] attorneys is attached as Exhibit '2' . . . ."

The bailee letter, however, did not establish that Bank of New York was in possession of the Note when the Complaint was filed. Assuming, without deciding, that the bailee letter was admissible as evidence, it merely requested that the Note be sent to Bank of New York's attorney. There was no language in the bailee letter confirming Bank of New York's attorney received, or was in possession of, the Note. And although Bank of New York provided a photocopy of the Note, the blank indorsement was undated and the Note alone provided no indication that Bank of New York possessed it at the time the Complaint was filed.

In short, Bank of New York did not establish that it was entitled to judgment as a matter of law. To the contrary, in viewing this evidence in the light most favorable to the Duncans, there was a genuine issue as to whether Bank of New

York possessed the Note at the time the Complaint was filed. The circuit court, therefore, erred in granting Bank of New York's motion for summary judgment. Accordingly, we need not address the Duncans' remaining issues.

**IV. CONCLUSION**

Based on the foregoing, we vacate the circuit court's July 26, 2019 "Findings of Fact, Conclusions of Law and Order Granting [Bank of New York's] Motion for Summary Judgment Against All Defendants and for Interlocutory Decree of Foreclosure" and Judgment, and remand this case for further proceedings.

DATED: Honolulu, Hawaiʻi, June 5, 2023.

On the briefs:

Matthew K. Yoshida,
for Defendants-Appellants.

Charles R. Prather,
Robin Miller,
Sun Young Park,
Peter T. Stone,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Karen T. Nakasone,
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge